## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BARRY BELL, | Civil Action No. |
| Plaintiff, | (ECF Case) |
| -against- | |
| ISIS FILMS, LTD.; ISIS DIGITAL SYSTEMS; MYT WORKS INC.; MYT WORKS; TURN OF THE CENTURY PICTURES; MIGHTY WORKS, INC.; BORN OUT OF FRUSTRATION, and jointly and individually ETIENNE SAURET, | **COMPLAINT** |
| | **JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiff, by and though Plaintiff's attorney, the Law Office of Laurie E. Morrison, hereby

alleges:

### NATURE OF THE ACTION

1.      This is an employment case about former employers ISIS Films, LTD.; ISIS

Digital Systems; MYT Works Inc.; MYT Works; Turn of the Century Pictures; Mighty Works,

Inc.; and Born Out Of Frustration, and their Owner and/or Chief Executive Officer Etienne

Sauret discriminating against, harassing and retaliating against Plaintiff/employee, Barry Bell, on

a regular basis because of Plaintiff's African-American race, color, ethnicity, sex, gender, sexual

orientation and legally protected complaints.  Defendants' unlawful abuse included, but was not

limited to, calling Plaintiff an **"Ungrateful Nigger"** a **"Little Faggot"** a **"Little Girl"** and other

racist, sexist, and homophobic slurs and derogatory comments on a regular basis; failing to pay

Plaintiff his earned wages and overtime; filing false criminal charges against Plaintiff; and

constructively terminating Plaintiff's employment.

2.      Plaintiff's claims include harassment, hostile work environment, discrimination and retaliation based on race, color, ethnicity, sex, gender and legally protected complaints in violation of Section 1981, 42 U.S.C.A. § 1981, as amended by the Civil Rights Act of 1991 (collectively, "Section 1981"); the New York State Human Rights Law, N.Y. Exec. Law § 290, *et seq.* ("NYSHRL"); and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101, *et seq.* (NYCHRL").  Plaintiff's claims further include failure to pay overtime and regular wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and the New York Labor Laws ("NYLL") Art. 19 §§ 650 *et seq.*

3.      This action is against Plaintiff's former employers ISIS Films, LTD.; ISIS Digital Systems; MYT Works Inc.; MYT Works; Turn of the Century Pictures; Mighty Works, Inc.; and Born Out Of Frustration (hereinafter collectively, "Defendant Companies"), and against their Owner and/or Chief Executive Officer and Plaintiff's former supervisor Etienne Sauret (hereinafter, "Defendant Sauret") (collectively, "Defendants").

## PARTIES

4.      Plaintiff, Barry Bell, is a natural person who, at all times relevant to this action, resided in New Jersey.

5.      Defendant Sauret is a natural person who, upon information and belief, at all times relevant to this action, resided in New York County, New York.

6.      Defendant ISIS Films, LTD. is a domestic business corporation authorized to conduct business in New York State.

7.      At all times relevant to this action, Defendant Sauret was the Owner and/or Chief Executive Officer of ISIS Films, LTD..

8.      Defendant ISIS Digital Systems is a domestic business authorized to conduct business in New York State.

9.      At all times relevant to this action, Defendant Sauret was the Owner and/or Chief Executive Officer of ISIS Digital Systems.

10.     Defendant MYT Works Inc. is a domestic business corporation authorized to conduct business in New York State.

11.     At all times relevant to this action, Defendant Sauret was the Owner and/or Chief Executive Officer of MYT Works Inc..

12.     Defendant MYT Works is a domestic business authorized to conduct business in New York State.

13.     At all times relevant to this action, Defendant Sauret was the Owner and/or Chief Executive Officer of MYT Works.

14.     Defendant Turn of the Century Pictures is a domestic business authorized to conduct business in New York State.

15.     At all times relevant to this action, Defendant Sauret was the Owner and/or Chief Executive Officer of Turn of the Century Pictures.

16.     Defendant Mighty Works, Inc. is a domestic business corporation authorized to conduct business in New York State.

17.     At all times relevant to this action, Defendant Sauret was the Owner and/or Chief Executive Officer of Mighty Works, Inc..

18.     Defendant Born Out Of Frustration is a domestic business authorized to conduct business in New York State.

19.     At all times relevant to this action, Defendant Sauret was the Owner and/or Chief Executive Officer of Born Out Of Frustration.

20.     During all times relevant to this action, Defendant Companies maintained an office located on 145 Ave of The Americas (6th Avenue), 7 Floor, New York, New York, 10013 (hereinafter, "Defendant Companies' Manhattan Office").

21.     During all times relevant to this action, Plaintiff worked in Defendant Companies' Manhattan Office.

22.     Defendant Companies employed 5 or more individuals during Plaintiff's employment.

23.     Upon information and belief, at least some of Defendants' employees were not recorded on Defendants' payroll records; i.e., they were paid "off the books."

24.     At all times relevant to this action, Defendant Companies engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 20 U.S.C. § 203.

25.     At all times relevant to this action, upon information and belief, Defendant Companies had annual gross operating revenues in excess of $500,000.00.

26.     Plaintiff seeks to hold Defendants liable under various legal doctrines, including without limitation, vicarious liability, strict liability, respondeat superior, aiding and abetting liability and/or other grounds.

## JURISDICTION AND VENUE

27.     This Court has jurisdiction over the federal claims asserted herein in that they arise out of the laws of the United States. *See* 28 U.S.C. § 1331 [Federal Questions] and 29

U.S.C. § 2617 [Enforcement].  This Court has supplemental jurisdiction over the New York State and common law claims pursuant to 28 U.S.C. § 1367.

28.     Venue lies in the Southern District of New York pursuant to 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this judicial district.

29.     On March 30, 2016, Plaintiff filed charges of discrimination, harassment and retaliation against Defendant Companies based on race, color, ethnicity, sex, gender, sexual orientation and legally protected complaints (the "Charges") in the Equal Employment Opportunity Commission ("EEOC"), which was dually filed in the New York State Human Rights Division.

30.     Defendant Companies told the EEOC that they employed less than 15 workers during Plaintiff's employment.

31.     Based on Defendant Companies' representation, the EEOC discontinued its investigation of Plaintiff's Title VII claims and issued Plaintiff a Notice of Right To Sue, dated August 9, 2016.

32.     This action is being brought within 90 days of Plaintiff's receipt of the said Notice of Right to Sue.

33.     Plaintiff has also mailed a copy of this Complaint to the New York City Commission on Human Rights and the New York City Corporation Counsel, in accordance with N.Y.C. Admin. Code § 8-502(c).

34.     Plaintiff has satisfied all of the statutory prerequisites to filing this action with this Court.

35.     Plaintiff seeks an award of appropriate relief.

## **RELEVANT FACTS**

36.     Plaintiff, Barry Bell, is an African-American man.

37.     Mr. Bell has a medium to dark-brown complexion.

38.     Defendant Companies hired Mr. Bell on or around October 26, 2015.

39.     Defendant Companies hired Mr. Bell to work as a video editor.

40.     At all times relevant to this action, Defendant Sauret was/is the Owner and/or Chief Executive Officer of Defendant Companies.

41.     Defendant Sauret was also Mr. Bell's supervisor.

42.     Defendant Sauret is not African-American.

43.     Defendant Sauret is White and/or has a light/fair skinned complexion.

44.     On or around November 13, 2015, Defendant Sauret told Mr. Bell not to **"nag him like one of those annoying, nagging Negros."**

45.     Mr. Bell complained to Defendant Sauret regarding his racist comment.

46.     The unlawful misconduct escalated after Mr. Bell's legally protected complaint.

47.     On or around November 16, 2015, Defendant Sauret told Mr. Bell, **"Barry better finish his video project otherwise he does not want to be whipped,"** referring to Black slaves being whipped by White slave-owners.

48.     On or around November 17, 2015, Mr. Bell asked for assistance with lifting a couch at work.

49.     Defendant Sauret told Mr. Bell to **"stop being such a little faggot!"**

50.     A "Faggot" is a derogatory term for a homosexual man.

51.     Defendant Sauret told Mr. Bell **"You're being a little girl!"**

52.     On or around November 23, 2015, Defendant Sauret told Mr. Bell that **"most Black people cannot even understand a simple task."**

53.     On or around December 3, 2015, Defendant Sauret told Mr. Bell that **"the young generation are all girls, they don't know manly stuff."**

54.     Defendant Sauret also required that Mr. Bell and other African American employees perform menial tasks outside of their job duties that their non-African American counterparts were not required to do.

55.     For example, on or around December, 2015, Defendant Sauret ordered Mr. Bell and another African American employee to run errands.

56.     These errands included, but were not limited to, buying alcohol and food for Defendant Company's holiday party.

57.     Non-African American employees did not perform such menial tasks.

58.     Mr. Bell complained to Defendant Sauret repeatedly regarding his unlawful comments and conduct.

59.     Defendant Sauret's unlawful abuse continued to escalate.

60.     Defendant Sauret also did not pay Mr. Bell his earned wages and overtime pay.

61.     Mr. Bell's salary equaled approximately $15 per hour, plus overtime.

62.     On or around December 18, 2015, Defendant Sauret claimed to not have the full funds to pay Mr. Bell his paycheck.

63.     Mr. Bell complained to Defendant Sauret that he is supposed to be paid, consistent with prevailing wage and hour laws.

64.     Defendant Sauret said that he would let Mr. Bell know when he could cash his paycheck.

65.     Defendants' unlawful abuse forced Mr. Bell's employment to end on or around December 19, 2015.

66.     On or around Saturday, December 19, 2015, Mr. Bell returned to the workplace to pick up his paycheck.

67.     Defendant Sauret responded by calling Mr. Bell was an **"Ungrateful Nigger."**

68.     To date, Defendant Sauret still has not paid Mr. Bell approximately $6,000 in earned wages.

69.     Defendant Sauret further discriminated and retaliated against Mr. Bell by filing false criminal charges against him.

70.     Throughout Mr. Bell's employment, Defendant Sauret paid Mr. Bell his earned wages via different methods of payment.

71.     At times, Defendant Sauret paid Mr. Bell via wiring money directly into Mr. Bell's bank account.

72.     At times, Defendant Sauret paid Mr. Bell via handwritten check.

73.     At times, Defendant Sauret paid Mr. Bell via computer typed check.

74.     On or around Saturday, December 19, 2015, Mr. Bell returned to Defendant Sauret's work premises to pick up his final paychecks.

75.     Mr. Bell received an envelope that stated Mr. Bell's name in hand writing on the front of the envelope.

76.     Inside the envelope were 2 checks.

77.     One check was for approximately $1477 (hereinafter, the "$1477 check").

78.     The other check was for approximately $3k (hereinafter, the "$3k check").

79.     Upon information and belief, the $1477 check was Defendants' payment for Mr. Bell's previous 2 weeks' work.

80.     Upon information and belief, the $3k check was payment for overtime work that Mr. Bell had performed during his employment.

81.     The check for $1477 was made out to Mr. Bell in handwriting.

82.     Upon information and belief, the handwriting on the $1477 check was that of Defendant Sauret.

83.     The check for $3k was made out to Mr. Bell in computer typing.

84.     Upon information and belief, at least one of the checks was from Defendant Companies' business account(s) at Chase Bank.

85.     Upon information and belief, at least one of the checks was from Defendant Sauret's bank account(s).

86.     On that same day (i.e., on or around Saturday, December 19, 2015), Mr. Bell went to Chase Bank to cash the $1477 check.

87.     The Chase Bank teller confirmed that the signature on the check belonged to Defendant Sauret.

88.     The Chase Bank teller subsequently cashed Mr. Bell's paycheck.

89.     This process typically occurred when Mr. Bell cashed his paychecks from Defendants; i.e., the bank teller would confirm Defendant Sauret's signature on the paychecks before cashing Mr. Bell's paychecks.

90.     Upon information and belief, Chase Bank tellers typically did this because Defendant Sauret's signature is relatively unclear; i.e., at times the specific letters in Defendant Sauret's name may not be readily detectible from his signature.

91.     Upon information and belief, Chase Bank tellers confirmed the authenticity of Mr. Bell's paychecks via speaking with Defendant Sauret directly on the telephone or via other means.

92.     Upon information and belief, Chase Bank tellers confirmed the authenticity of Defendant Sauret's signatures via speaking with Defendant Sauret directly on the telephone or via other means.

93.     On that day (i.e., on or around December 19, 2015), the Chase Bank teller again confirmed the authenticity of the paycheck and of Defendant Sauret's signature, and then the Bank teller cashed Mr. Bell's $1477 paycheck.

94.     When Mr. Bell attempted to cash the $3k check approximately a few days later, the bank would not cash the check.

95.     The bank claimed that fraud had been reported against Mr. Bell.

96.     Upon information and belief, Defendant Sauret falsely reported to Chase Bank that Mr. Bell was not allowed to cash the paycheck.

97.     However, Mr. Bell had already performed the work to earn the $3k payment.

98.     Upon information and belief, Defendant Sauret filed criminal charges against Mr. Bell based on the same or similar false allegations.

99.     Upon information and belief, Defendant(s) filed criminal charges against Mr. Bell based on the same or similar false allegations.

100.     Defendants' discriminatory, harassing and retaliatory conduct, including the highly questionable criminal charges that Defendant(s) filed against Mr. Bell, continue to significantly harm Mr. Bell to this day.

## AS FOR THE FIRST CAUSE OF ACTION
## FOR RACE/COLOR/ETHNICITY DISCRIMINATION UNDER SECTION 1981

101.    Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

102.    This Count is brought under 42 U.S.C.A. § 1981, as amended by the Civil Rights Act of 1991 (collectively, "Section 1981"), and reference is made to Section 1981 its entirety.

103.    42 USC Section 1981 states, in relevant part, as follows:

"(a) Statement of equal rights

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

104.    the clause "to make and enforce contracts" in Section 1981 "includes the making, performance, modification and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b).

105.    Defendants subjected Plaintiff to discrimination and harassment with misconduct, including, but not limited to, calling Plaintiff racist, sexist, and homophobic slurs and derogatory comments on a regular basis; failing to pay Plaintiff his earned wages and overtime; filing false criminal charges against Plaintiff; and constructively terminating Plaintiff's employment.

106.    Defendants' conduct was so severe or pervasive that a reasonable person in Plaintiff' positions would find that Plaintiff's work environment was hostile or abusive.

107.    Plaintiff reasonably believed that their work environment was hostile or abusive as a result of Defendants' conduct.

108.    Upon information and belief, Defendants' discrimination and harassment was intentional, intended to harm Plaintiff, and was done with malice or reckless indifference to Plaintiff's federally protected rights.

109.    As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, attorneys' fees and costs, emotional pain, emotional suffering, inconvenience, and other non-pecuniary losses. Plaintiff has further experienced severe emotional distress.

110.    As a further direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and continues to suffer, among other items, impairment and damage to Plaintiff's good name and reputation, emotional distress, mental anguish, emotional pain, emotional suffering, inconvenience, and lasting embarrassment and humiliation.

111.    As Defendants' conduct has been willful, reckless, outrageous, intentional and/or malicious, Plaintiff also demands punitive damages in an amount which exceeds the Jurisdictional limits of all Lower Courts.

### AS FOR THE SECOND CAUSE OF ACTION
### FOR RACE/COLOR/ETHNICITY RETALIATION UNDER SECTION 1981

112.    Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

113.    This Count is brought under 42 U.S.C.A. § 1981, as amended by the Civil Rights Act of 1991 (collectively, "Section 1981"), and reference is made to Section 1981 its entirety.

114.    42 USC Section 1981 states, in relevant part, as follows:

"(a) Statement of equal rights

12

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

115.    the clause "to make and enforce contracts" in Section 1981 "includes the making, performance, modification and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b).

116.    Defendants' misconduct violated Section 1981.

117.    Plaintiff complained about Defendants' unlawful conduct.

118.    In response to Plaintiff's complaints, Defendants retaliated with misconduct including, but not limited to, calling Plaintiff racist, sexist, and homophobic slurs and derogatory comments on a regular basis; failing to pay Plaintiff his earned wages and overtime; filing false criminal charges against Plaintiff; and constructively terminating Plaintiff's employment.

119.    Upon information and belief, Defendants' retaliation was intentional, intended to harm Plaintiff, and was done with malice or reckless indifference to Plaintiff' federally protected rights.

120.    Upon information and belief, Defendants' retaliation was intentional, intended to harm Plaintiff, and was done with malice or reckless indifference to Plaintiff's federally protected rights.

121.    As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, attorneys' fees and costs, emotional pain, emotional suffering,

inconvenience, and other non-pecuniary losses. Plaintiff has further experienced severe emotional distress.

122.    As a further direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and continues to suffer, among other items, impairment and damage to Plaintiff's good name and reputation, emotional distress, mental anguish, emotional pain, emotional suffering, inconvenience, and lasting embarrassment and humiliation.

123.    As Defendants' conduct has been willful, reckless, outrageous, intentional and/or malicious, Plaintiff also demands punitive damages in an amount which exceeds the Jurisdictional limits of all Lower Courts.

**AS AND FOR THE THIRD CAUSE OF ACTION
FOR UNLAWFUL FAILURE TO PAY WAGES AND/OR OVERTIME
COMPENSATION UNDER THE FAIR LABOR STANDARDS ACT**

124.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

125.    This claim is authorized and instituted pursuant to the provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (hereinafter, the "FLSA"), and specifically under the provisions of 29 U.S.C. § 20729 U.S.C. § 207 (a)(1), to recover from Defendant Companies unpaid wages and overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees.

126.    The provisions of 29 U.S.C. § 20729 U.S.C. § 207 (a)(1) state:

No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed.

127.     At all relevant times, Defendant ISIS Films, LTD was and is an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 20 U.S.C. § 203.

128.     At all relevant times, Defendant ISIS Digital Systems was and is an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 20 U.S.C. § 203.

129.     At all relevant times, Defendant MYT Works Inc. was and is an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 20 U.S.C. § 203.

130.     At all relevant times, Defendant MYT Works was and is an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 20 U.S.C. § 203.

131.     At all relevant times, Defendant Turn of the Century Pictures was and is an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 20 U.S.C. § 203.

132.     At all relevant times, Defendant Mighty Works, Inc. was and is an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 20 U.S.C. § 203.

133.     At all relevant times, Defendant Born Out Of Frustration was and is an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 20 U.S.C. § 203.

134.     At all relevant times, Defendant Companies has employed workers, including Plaintiff.

135.    At all relevant times, upon information and belief, Defendant Companies had gross operating revenues in excess of $500,000.00.

136.    Plaintiff worked in excess of forty hours per workweek without lawful overtime compensation.

137.    Despite the hours worked by Plaintiff, Defendants willfully, in bad faith, and in knowing violation of the FLSA, failed and refused to pay Plaintiff his earned wages and overtime compensation.

138.    Upon information and belief, Defendants failed to accurately record, report, and/or preserve records of hours worked by Plaintiff, and Defendants also failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practices of employment, in violation of the FLSA, 20 U.S.C. § 201, et seq..

139.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C §§ 216(b) and 255(a), entitling Plaintiff to an award of liquidated damages and such other legal and equitable relief as the Court deems just and proper.

140.    Plaintiff further seeks recovery of her attorneys' fees and costs to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

## AS AND FOR THE FOURTH CAUSE OF ACTION
## FOR RETALIATION
## UNDER THE FAIR LABOR STANDARDS ACT

141.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

142.    This claim is authorized and instituted pursuant to the provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (hereinafter, the "FLSA").

143.    Defendants violated the FLSA.

144.    Plaintiff complained about Defendants' FLSA violations.

145.    In response to Plaintiff's complaints, Defendants retaliated with misconduct including, but not limited to, calling Plaintiff racist, sexist, and homophobic slurs and derogatory comments on a regular basis; failing to pay Plaintiff his earned wages and overtime; filing false criminal charges against Plaintiff; and constructively terminating Plaintiff's employment.

146.    Upon information and belief, Defendants' retaliation was intentional, intended to harm Plaintiff, and was done with malice or reckless indifference to Plaintiff' federally protected rights.

147.    Upon information and belief, Defendants' retaliation was intentional, intended to harm Plaintiff, and was done with malice or reckless indifference to Plaintiff's federally protected rights.

148.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C §§ 216(b) and 255(a), entitling Plaintiff to an award of liquidated damages and such other legal and equitable relief as the Court deems just and proper.

149.    Plaintiff further seeks recovery of her attorneys' fees and costs to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

**AS FOR THE FIFTH CAUSE OF ACTION
FOR RACE/COLOR/ETHNICITY DISCRIMINATION UNDER THE NYSHRL**

150.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

151.    This Count is brought under the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 290 et seq., and reference is made to the NYSHRL in its entirety.

152.    At all relevant times, Defendant ISIS Films, LTD was and is an "employer" within the meaning of the NYSHRL.

153.    At all relevant times, Defendant ISIS Digital Systems was and is an "employer" within the meaning of the NYSHRL.

154.    At all relevant times, Defendant MYT Works Inc. was and is an "employer" within the meaning of the NYSHRL.

155.    At all relevant times, Defendant MYT Works was and is an "employer" within the meaning of the NYSHRL.

156.    At all relevant times, Defendant Turn of the Century Pictures was and is an "employer" within the meaning of the NYSHRL.

157.    At all relevant times, Defendant Mighty Works, Inc. was and is an "employer" within the meaning of the NYSHRL.

158.    At all relevant times, Defendant Born Out Of Frustration was and is an "employer" within the meaning of the NYSHRL

159.    At all relevant times, Defendant Sauret had the power to carry out personnel decisions and/or to do more than carry out personnel decisions made by others, including the power to hire and fire employees, including Plaintiff, sufficient to be held individually liable for all damages under the NYSHRL.

160.    At all times material, Plaintiff was an employee and an individual within the meaning of the NYSHRL.

161.   At all relevant times, Plaintiff was and is a person and employee within the meaning of the NYSHRL.

162.   At all relevant times, Plaintiff was and is an African American man and a member of protected classes within the meaning of the NYSHRL.

163.   Defendants engaged in unlawful employment practices prohibited by the NYSHRL with misconduct including, but not limited to, calling Plaintiff racist, sexist, and homophobic slurs and derogatory comments on a regular basis; failing to pay Plaintiff his earned wages and overtime; filing false criminal charges against Plaintiff; and constructively terminating Plaintiff's employment.

164.   Upon information and belief, each and every Defendant contributed to the discrimination, was aware of the discrimination, did nothing to resolve the discrimination and/or was complicit in the misconduct.

165.   Defendants' conduct, as alleged herein, constitutes unlawful discriminatory practices and unlawful discrimination on the basis of race, color and/or ethnicity, as defined by the NYSHRL, by engaging in, causing, perpetrating, committing, authorizing, directing, participating in, aiding, abetting, inciting, compelling and/or coercing the unlawful conduct alleged herein, or attempting to do so, in violation of the NYSHRL.

166.   Defendants are individually and jointly liable for the unlawful conduct herein, including without limitation as an "employer" under the NYSHRL and under the "aiding and abetting" provision of the NYSHRL. See, e,g., NYSHRL § 296(1) and § 296(6).

167.   Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

168.    Plaintiff's damages include financial loss, loss of employment and employment benefits, damage to their career and professional reputation, and severe emotional distress caused by the degrading conduct and loss of employment.

169.    Plaintiff is entitled to recover monetary damages and other damages and relief, including, but not limited to lost wages, and compensatory damages from Defendants under the NYSHRL.

## AS FOR THE SIXTH CAUSE OF ACTION
## FOR RACE/COLOR/ETHNICITY RETALIATION UNDER THE NYSHRL

170.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

171.    This Count is brought under the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 290 et seq., and reference is made to the NYSHRL in its entirety.

172.    Defendants engaged in unlawful employment practices prohibited by the NYSHRL.

173.    Plaintiff complained about Defendants' discrimination and harassment.

174.    In response to Plaintiff's lawful complaints, Defendants retaliated against Plaintiff, including, but not limited to, calling Plaintiff racist, sexist, and homophobic slurs and derogatory comments on a regular basis; failing to pay Plaintiff his earned wages and overtime; filing false criminal charges against Plaintiff; and constructively terminating Plaintiff's employment.

175.    Defendants' conduct, as alleged herein, constitutes retaliation, as defined by the NYSHRL.

176.    Defendants are individually and jointly liable for the unlawful conduct herein, including without limitation as an "employer" under the NYSHRL and under the "aiding and abetting" provision of the NYSHRL. See, e,g., NYSHRL § 296(1) and § 296(6).

177.    Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

178.    Plaintiff's damages include financial loss, loss of employment and employment benefits, damage to their career and professional reputation, and severe emotional distress caused by the degrading conduct and loss of employment.

179.    Plaintiff is entitled to recover monetary damages and other damages and relief, including, but not limited to lost wages and compensatory damages from Defendants under the NYSHRL.

**AS FOR THE SEVENTH CAUSE OF ACTION**
**<u>FOR SEX AND GENDER DISCRIMINATION UNDER THE NYSHRL</u>**

180.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

181.    This Count is brought under the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 290 et seq., and reference is made to the NYSHRL in its entirety.

182.    Defendants engaged in unlawful employment practices prohibited by the NYSHRL with misconduct including, but not limited to, calling Plaintiff racist, sexist, and homophobic slurs and derogatory comments on a regular basis; failing to pay Plaintiff his earned wages and overtime; filing false criminal charges against Plaintiff; and constructively terminating Plaintiff's employment.

183.   Upon information and belief, each and every Defendant contributed to the discrimination, was aware of the discrimination, did nothing to resolve the discrimination and/or was complicit in the misconduct.

184.   Defendants' conduct, as alleged herein, constitutes unlawful discriminatory practices and unlawful discrimination on the basis of sex and/or gender, as defined by the NYSHRL, by engaging in, causing, perpetrating, committing, authorizing, directing, participating in, aiding, abetting, inciting, compelling and/or coercing the unlawful conduct alleged herein, or attempting to do so, in violation of the NYSHRL.

185.   Defendants are individually and jointly liable for the unlawful conduct herein, including without limitation as an "employer" under the NYSHRL and under the "aiding and abetting" provision of the NYSHRL. See, e,g., NYSHRL § 296(1) and § 296(6).

186.   Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

187.   Plaintiff's damages include financial loss, loss of employment and employment benefits, damage to their career and professional reputation, and severe emotional distress caused by the degrading conduct and loss of employment.

188.   Plaintiff is entitled to recover monetary damages and other damages and relief, including, but not limited to back pay, front pay, and compensatory damages from Defendants under the NYSHRL.

### AS FOR THE EIGHTH CAUSE OF ACTION
### FOR SEX AND GENDER RETALIATION UNDER THE NYSHRL

189.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

190.     This Count is brought under the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 290 et seq., and reference is made to the NYSHRL in its entirety.

191.     Defendants engaged in unlawful employment practices prohibited by the NYSHRL.

192.     Plaintiff complained about Defendants' discrimination and harassment.

193.     In response to Plaintiff's lawful complaints, Defendants retaliated against Plaintiff, including, but not limited to, calling Plaintiff racist, sexist, and homophobic slurs and derogatory comments on a regular basis; failing to pay Plaintiff his earned wages and overtime; filing false criminal charges against Plaintiff; and constructively terminating Plaintiff's employment.

194.     Defendants' conduct, as alleged herein, constitutes retaliation, as defined by the NYSHRL.

195.     Defendants are individually and jointly liable for the unlawful conduct herein, including without limitation as an "employer" under the NYSHRL and under the "aiding and abetting" provision of the NYSHRL. See, e,g., NYSHRL § 296(1) and § 296(6).

196.     Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

197.     Plaintiff's damages include financial loss, loss of employment and employment benefits, damage to their career and professional reputation, and severe emotional distress caused by the degrading conduct and loss of employment.

198.     Plaintiff is entitled to recover monetary damages and other damages and relief, including, but not limited to lost wages and compensatory damages from Defendants under the NYSHRL.

## AS FOR THE NINTH CAUSE OF ACTION
## FOR SEXUAL ORIENTATION DISCRIMINATION UNDER THE NYSHRL

199.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

200.   This Count is brought under the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 290 et seq., and reference is made to the NYSHRL in its entirety.

201.   Defendants engaged in unlawful employment practices prohibited by the NYSHRL with misconduct including, but not limited to, calling Plaintiff racist, sexist, and homophobic slurs and derogatory comments on a regular basis; failing to pay Plaintiff his earned wages and overtime; filing false criminal charges against Plaintiff; and constructively terminating Plaintiff's employment.

202.   Upon information and belief, each and every Defendant contributed to the discrimination, was aware of the discrimination, did nothing to resolve the discrimination and/or was complicit in the misconduct.

203.   Defendants' conduct, as alleged herein, constitutes unlawful discriminatory practices and unlawful discrimination on the basis of sex and/or gender, as defined by the NYSHRL, by engaging in, causing, perpetrating, committing, authorizing, directing, participating in, aiding, abetting, inciting, compelling and/or coercing the unlawful conduct alleged herein, or attempting to do so, in violation of the NYSHRL.

204.   Defendants are individually and jointly liable for the unlawful conduct herein, including without limitation as an "employer" under the NYSHRL and under the "aiding and abetting" provision of the NYSHRL. See, e,g., NYSHRL § 296(1) and § 296(6).

205.     Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

206.     Plaintiff's damages include financial loss, loss of employment and employment benefits, damage to their career and professional reputation, and severe emotional distress caused by the degrading conduct and loss of employment.

207.     Plaintiff is entitled to recover monetary damages and other damages and relief, including, but not limited to back pay, front pay, and compensatory damages from Defendants under the NYSHRL.

### AS FOR THE TENTH CAUSE OF ACTION
### FOR SEXUAL ORIENTATION RETALIATION UNDER THE NYSHRL

208.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

209.     This Count is brought under the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 290 et seq., and reference is made to the NYSHRL in its entirety.

210.     Defendants engaged in unlawful employment practices prohibited by the NYSHRL.

211.     Plaintiff complained about Defendants' discrimination and harassment.

212.     In response to Plaintiff's lawful complaints, Defendants retaliated against Plaintiff, including, but not limited to, calling Plaintiff racist, sexist, and homophobic slurs and derogatory comments on a regular basis; failing to pay Plaintiff his earned wages and overtime; filing false criminal charges against Plaintiff; and constructively terminating Plaintiff's employment.

213.    Defendants' conduct, as alleged herein, constitutes retaliation, as defined by the NYSHRL.

214.    Defendants are individually and jointly liable for the unlawful conduct herein, including without limitation as an "employer" under the NYSHRL and under the "aiding and abetting" provision of the NYSHRL. See, e,g., NYSHRL § 296(1) and § 296(6).

215.    Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

216.    Plaintiff's damages include financial loss, loss of employment and employment benefits, damage to their career and professional reputation, and severe emotional distress caused by the degrading conduct and loss of employment.

217.    Plaintiff is entitled to recover monetary damages and other damages and relief, including, but not limited to lost wages and compensatory damages from Defendants under the NYSHRL.

### AS FOR THE ELEVENTH CAUSE OF ACTION<br>FOR FAILURE TO PAY OVERTIME AND WAGES<br>UNDER THE NEW YORK LABOR LAW

218.    Plaintiff hereby repeats and realleges each allegation contained above with the same force and effect as though fully set forth herein.

219.    This Count is brought under the New York Labor Law, N.Y. Lab Law § 190, et seq. ("NY Lab Law"), and reference is made to the NY Lab Law in its entirety.

220.    At all relevant times, Plaintiff was a "clerical and other worker" within the meaning of the NY Lab Law.

221.    At all relevant times, Plaintiff was and is an employee within the meaning of the NY Lab Law.

222.    At all relevant times, Defendant Companies were and are employers within the meaning of the NY Lab Law.

223.    Plaintiff worked over forty (40) hours in a work week during Plaintiff's employment with Defendants.

224.    Defendants were aware that Plaintiff worked over forty (40) hours in a work week during Plaintiff's employment.

225.    Defendants did not pay Plaintiff 1.5 times Plaintiff's regular pay rate for hours worked over forty (40) in a work week.

226.    Defendants did not pay Plaintiff's regular pay rate for all hours worked in a work week.

227.    Plaintiff is entitled to compensation for hours worked in a work week during Plaintiff's employment with Defendants under the NY Lab Law.

228.    Plaintiff is entitled to compensation for hours worked over forty (40) in a work week during Plaintiff's employment with Defendants under the NY Lab Law.

229.    As Defendants' misconduct was also in willful disregard for the NY Lab Law, Plaintiff is also entitled to an additional amount as liquidated damages equal to one hundred percent (100%) of the total of such underpayments found to be due under the NY Lab Law, including N.Y. Lab Law § 663.

**AS FOR THE TWELFTH CAUSE OF ACTION
FOR RETALITION UNDER THE NEW YORK LABOR LAW**

230.    Plaintiff hereby repeats and realleges each allegation contained above with the same force and effect as though fully set forth herein.

231.     This Count is brought under the New York Labor Law, N.Y. Lab Law §§ 215, et seq. and 190, et seq. ("NY Lab Law"), including § 215(a)(iii), and reference is made to the NY Lab Law in its entirety.

232.     Section 215 of the NY Lab Law states, in relevant part, that an employer shall not:

> discharge, threaten, penalize, or in any other manner discriminate or retaliate against any employee . . . (i) because such employee has made a complaint to his or her employer . . . N.Y. Lab. Law § 215(a)(iii).

233.     Defendants' misconduct violated the NY Lab Law.

234.     Plaintiff complained about Defendants' misconduct.

235.     In response to Plaintiff's complaints, Defendants retaliated against Plaintiff with misconduct including, but not limited to, calling Plaintiff racist, sexist, and homophobic slurs and derogatory comments on a regular basis; failing to pay Plaintiff his earned wages and overtime; filing false criminal charges against Plaintiff; and constructively terminating Plaintiff's employment.

236.     Plaintiff is entitled to compensation for lost wages, together with lost benefits, liquidated damages, costs, all reasonable attorneys' fees, and prejudgment interest under the NY Lab Law § 215.


**AS FOR THE THIRTEENTH CAUSE OF ACTION
FOR RACE/COLOR/ETHNICITY DISCRIMINATION UNDER THE NYCHRL**


237.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

238.    This Count is brought under the NYCHRL, N.Y.C. Admin. Code § 8-101 et seq., and reference is made to the NYCHRL in its entirety.

239.    At all relevant times, Defendant ISIS Films, LTD was and is an "employer" within the meaning of the NYCHRL.

240.    At all relevant times, Defendant ISIS Digital Systems was and is an "employer" within the meaning of the NYCHRL.

241.    At all relevant times, Defendant MYT Works Inc. was and is an "employer" within the meaning of the NYCHRL.

242.    At all relevant times, Defendant MYT Works was and is an "employer" within the meaning of the NYCHRL.

243.    At all relevant times, Defendant Turn of the Century Pictures was and is an "employer" within the meaning of the NYCHRL.

244.    At all relevant times, Defendant Mighty Works, Inc. was and is an "employer" within the meaning of the NYCHRL.

245.    At all relevant times, Defendant Born Out Of Frustration was and is an "employer" within the meaning of the NYCHRL

246.    At all relevant times, Defendant Sauret had the power to carry out personnel decisions and/or to do more than carry out personnel decisions made by others, including the power to hire and fire employees, including Plaintiff, sufficient to be held individually liable for all damages under the NYCHRL.

247.    At all relevant times, Plaintiff was and is an individual, an employee and a member of protected classes within the meaning of the NYCHRL.

248.    Defendants subjected Plaintiff to unlawful discrimination and harassment with misconduct, including, but not limited to, calling Plaintiff racist, sexist, and homophobic slurs and derogatory comments on a regular basis; failing to pay Plaintiff his earned wages and overtime; filing false criminal charges against Plaintiff; and constructively terminating Plaintiff's employment.

249.    Defendants engaged in, caused, perpetrated, committed, authorized, directed, participated in, aided, abetted, incited, compelled and/or coerced the unlawful conduct alleged herein, or attempted to do so, in violation of the NYCHRL.

250.    Defendants' conduct, as alleged herein, was carried out with malice or reckless disregard for Plaintiff's protected rights to be free from discrimination.

251.    Each and every Defendant is individually and jointly liable for the unlawful conduct herein, including without limitation as an "employer" and "employee" under the NYCHRL and under the "aiding and abetting" provision of the NYCHRL. See, e.g., NYCHRL § 8-107(1) and § 8-107(6).

252.    As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary, economic and other damages, including without limitation: (i) lost wages; (ii) lost benefits; (iii) lost interest; and (iv) attorneys ' fees and costs.

253.    As a further direct and proximate result of each Defendant's unlawful and willful conduct, Plaintiff has suffered and continues to suffer, among other items, impairment and damage to Plaintiff's good name and reputation, emotional distress, mental anguish, emotional pain, emotional suffering, inconvenience and lasting embarrassment and humiliation.

254.     Plaintiff is entitled to recover monetary damages and other damages and relief, including punitive damages, interest, and attorneys' fees and costs from Defendants under the NYCHRL.

### AS FOR THE FOURTEENTH CAUSE OF ACTION
### FOR RACE/COLOR/ETHNICITY RETALIATION UNDER THE NYCHRL

255.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

256.     This Count is brought under the NYCHRL, N.Y.C. Admin. Code § 8-101 et seq., and reference is made to the NYCHRL in its entirety.

257.     Plaintiff complained about Defendants' discrimination and harassment.

258.     In response to Plaintiff's lawful complaints, Defendants retaliated against Plaintiff, including, but not limited to, calling Plaintiff racist, sexist, and homophobic slurs and derogatory comments on a regular basis; failing to pay Plaintiff his earned wages and overtime; filing false criminal charges against Plaintiff; and constructively terminating Plaintiff's employment.

259.     Defendants' conduct, as alleged herein, constitutes retaliation, as defined by the NYCHRL.

260.     Defendants engaged in, caused, perpetrated, committed, authorized, directed, participated in, aided, abetted, incited, compelled and/or coerced the unlawful conduct alleged herein, or attempted to do so, in violation of the NYCHRL.

261.     Defendants' conduct, as alleged herein, was carried out with malice or reckless disregard for Plaintiff's protected rights to be free from discrimination.

262. Each and every Defendant is individually and jointly liable for the unlawful conduct herein, including without limitation as an "employer" and "employee" under the NYCHRL and under the "aiding and abetting" provision of the NYCHRL. See, e.g., NYCHRL § 8-107(1) and § 8-107(6).

263. As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary, economic and other damages, including without limitation: (i) lost wages; (ii) lost benefits; (iii) lost interest; and (iv) attorneys ' fees and costs.

264. As a further direct and proximate result of each Defendant's unlawful and willful conduct, Plaintiff has suffered and continues to suffer, among other items, impairment and damage to Plaintiff's good name and reputation, emotional distress, mental anguish, emotional pain, emotional suffering, inconvenience and lasting embarrassment and humiliation.

265. Plaintiff is entitled to recover monetary damages and other damages and relief, including punitive damages, interest, and attorneys' fees and costs from Defendants under the NYCHRL.

## AS FOR THE FIFTEENTH CAUSE OF ACTION
## FOR SEX AND GENDER DISCRIMINATION UNDER THE NYCHRL

266. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

267. This Count is brought under the NYCHRL, N.Y.C. Admin. Code § 8-101 et seq., and reference is made to the NYCHRL in its entirety.

268. Defendants subjected Plaintiff to unlawful discrimination and harassment with misconduct, including, but not limited to, calling Plaintiff racist, sexist, and homophobic slurs

and derogatory comments on a regular basis; failing to pay Plaintiff his earned wages and overtime; filing false criminal charges against Plaintiff; and constructively terminating Plaintiff's employment.

269.   Defendants engaged in, caused, perpetrated, committed, authorized, directed, participated in, aided, abetted, incited, compelled and/or coerced the unlawful conduct alleged herein, or attempted to do so, in violation of the NYCHRL.

270.   Defendants' conduct, as alleged herein, was carried out with malice or reckless disregard for Plaintiff's protected rights to be free from discrimination.

271.   Each and every Defendant is individually and jointly liable for the unlawful conduct herein, including without limitation as an "employer" and "employee" under the NYCHRL and under the "aiding and abetting" provision of the NYCHRL. See, e.g., NYCHRL § 8-107(1) and § 8-107(6).

272.   As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary, economic and other damages, including without limitation: (i) lost wages; (ii) lost benefits; (iii) lost interest; and (iv) attorneys ' fees and costs.

273.   As a further direct and proximate result of each Defendant's unlawful and willful conduct, Plaintiff has suffered and continues to suffer, among other items, impairment and damage to Plaintiff's good name and reputation, emotional distress, mental anguish, emotional pain, emotional suffering, inconvenience and lasting embarrassment and humiliation.

274.   Plaintiff is entitled to recover monetary damages and other damages and relief, including punitive damages, interest, and attorneys' fees and costs from Defendants under the NYCHRL.

## AS FOR THE SIXTEENTH CAUSE OF ACTION
## <u>FOR SEX AND GENDER RETALIATION UNDER THE NYCHRL</u>

275.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

276.   This Count is brought under the NYCHRL, N.Y.C. Admin. Code § 8-101 et seq., and reference is made to the NYCHRL in its entirety.

277.    Plaintiff complained about Defendants' discrimination and harassment.

278.   In response to Plaintiff's complaints, Defendants retaliated against Plaintiff, including, but not limited to, calling Plaintiff racist, sexist, and homophobic slurs and derogatory comments on a regular basis; failing to pay Plaintiff his earned wages and overtime; filing false criminal charges against Plaintiff; constructively terminating Plaintiff's employment.

279.   Defendants' conduct, as alleged herein, constitutes retaliation, as defined by the NYCHRL.

280.   Defendants engaged in, caused, perpetrated, committed, authorized, directed, participated in, aided, abetted, incited, compelled and/or coerced the unlawful conduct alleged herein, or attempted to do so, in violation of the NYCHRL.

281.    Defendants' conduct, as alleged herein, was carried out with malice or reckless disregard for Plaintiff's protected rights to be free from discrimination.

282.   Each and every Defendant is individually and jointly liable for the unlawful conduct herein, including without limitation as an "employer" and "employee" under the NYCHRL and under the "aiding and abetting" provision of the NYCHRL. See, e.g., NYCHRL § 8-107(1) and § 8-107(6).

283.    As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary, economic and other damages, including without limitation: (i) lost wages; (ii) lost benefits; (iii) lost interest; and (iv) attorneys ' fees and costs.

284.    As a further direct and proximate result of each Defendant's unlawful and willful conduct, Plaintiff has suffered and continues to suffer, among other items, impairment and damage to Plaintiff's good name and reputation, emotional distress, mental anguish, emotional pain, emotional suffering, inconvenience and lasting embarrassment and humiliation.

285.    Plaintiff is entitled to recover monetary damages and other damages and relief, including punitive damages, interest, and attorneys' fees and costs from Defendants under the NYCHRL.

## AS FOR THE SEVENTEENTH CAUSE OF ACTION
## FOR SEXUAL ORIENTATION DISCRIMINATION UNDER THE NYCHRL

286.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

287.    This Count is brought under the NYCHRL, N.Y.C. Admin. Code § 8-101 et seq., and reference is made to the NYCHRL in its entirety.

288.    Defendants subjected Plaintiff to unlawful discrimination and harassment misconduct, including, but not limited to, calling Plaintiff racist, sexist, and homophobic slurs and derogatory comments on a regular basis; failing to pay Plaintiff his earned wages and overtime; filing false criminal charges against Plaintiff; and constructively terminating Plaintiff's employment.

289.    Defendants engaged in, caused, perpetrated, committed, authorized, directed, participated in, aided, abetted, incited, compelled and/or coerced the unlawful conduct alleged herein, or attempted to do so, in violation of the NYCHRL.

290.    Defendants' conduct, as alleged herein, was carried out with malice or reckless disregard for Plaintiff's protected rights to be free from discrimination.

291.    Each and every Defendant is individually and jointly liable for the unlawful conduct herein, including without limitation as an "employer" and "employee" under the NYCHRL and under the "aiding and abetting" provision of the NYCHRL. See, e.g., NYCHRL § 8-107(1) and § 8-107(6).

292.    As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary, economic and other damages, including without limitation: (i) lost wages; (ii) lost benefits; (iii) lost interest; and (iv) attorneys ' fees and costs.

293.    As a further direct and proximate result of each Defendant's unlawful and willful conduct, Plaintiff has suffered and continues to suffer, among other items, impairment and damage to Plaintiff's good name and reputation, emotional distress, mental anguish, emotional pain, emotional suffering, inconvenience and lasting embarrassment and humiliation.

294.    Plaintiff is entitled to recover monetary damages and other damages and relief, including punitive damages, interest, and attorneys' fees and costs from Defendants under the NYCHRL.

**AS FOR THE EIGHTEENTH CAUSE OF ACTION**
**FOR SEXUAL ORIENTATION RETALIATION UNDER THE NYCHRL**

295.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

296.    This Count is brought under the NYCHRL, N.Y.C. Admin. Code § 8-101 et seq., and reference is made to the NYCHRL in its entirety.

297.    Plaintiff complained about Defendants' discrimination and harassment.

298.    In response to Plaintiff's complaints, Defendants retaliated against Plaintiff, including, but not limited to, calling Plaintiff racist, sexist, and homophobic slurs and derogatory comments on a regular basis; failing to pay Plaintiff his earned wages and overtime; filing false criminal charges against Plaintiff; and constructively terminating Plaintiff's employment.

299.    Defendants' conduct, as alleged herein, constitutes retaliation, as defined by the NYCHRL.

300.    Defendants engaged in, caused, perpetrated, committed, authorized, directed, participated in, aided, abetted, incited, compelled and/or coerced the unlawful conduct alleged herein, or attempted to do so, in violation of the NYCHRL.

301.    Defendants' conduct, as alleged herein, was carried out with malice or reckless disregard for Plaintiff's protected rights to be free from discrimination.

302.    Each and every Defendant is individually and jointly liable for the unlawful conduct herein, including without limitation as an "employer" and "employee" under the NYCHRL and under the "aiding and abetting" provision of the NYCHRL. See, e.g., NYCHRL § 8-107(1) and § 8-107(6).

303.    As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary, economic and other

damages, including without limitation: (i) lost wages; (ii) lost benefits; (iii) lost interest; and (iv) attorneys ' fees and costs.

304.    As a further direct and proximate result of each Defendant's unlawful and willful conduct, Plaintiff has suffered and continues to suffer, among other items, impairment and damage to Plaintiff's good name and reputation, emotional distress, mental anguish, emotional pain, emotional suffering, inconvenience and lasting embarrassment and humiliation.

305.    Plaintiff is entitled to recover monetary damages and other damages and relief, including punitive damages, interest, and attorneys' fees and costs from Defendants under the NYCHRL.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that the Defendants engaged in unlawful employment practices prohibited by Section 1981, the FLSA, the NYLL, the New York State Human Rights Law, and the New York City Human Rights Law; and that the Defendants discriminated against Plaintiff on the basis of race, color, ethnicity, sex, gender, sexual orientation and legally protected complaints.

B. Declaring that the Defendants intentionally caused Plaintiff to become emotionally distressed;

C. Awarding damages to Plaintiff for all lost wages and benefits, past and future, resulting from Defendants' unlawful discrimination and retaliation, and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practices;

D. Awarding Plaintiffs compensatory damages for mental and emotional distress, and injury to reputation;

E. Awarding Plaintiff punitive damages under the Section 1981 and the NYCHRL;

F. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action under Section 1981 and the NYCHRL;

G. Awarding Plaintiff liquidated damages under the FLSA and NYLL in the maximum amount permissible by statute given Defendants' willful misconduct;

H. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Dated:  New York, NY
        October 12, 2016

Respectfully submitted,

LAW OFFICE OF LAURIE E. MORRISON

By: _____
        Laurie E. Morrison
        30 Broad Street, 35th Floor
        New York, New York 10004
        (212) 721-4051 (office)
        (646) 651-4821 (fax)
        morrison@lemorrisonlaw.com
        *Attorney for Plaintiff*

**TO:**
ETIENNE SAURET
c/o ISIS FILMS, LTD. (Defendant's Place of Business)
145 Ave of The Americas, 7 Fl.
New York, New York, 10013

ISIS FILMS, LTD.
145 Ave of The Americas, 7 Fl.
New York, New York, 10013
**<u>VIA SECRETARY OF STATE</u>**

ISIS DIGITAL SYSTEMS
145 Ave of The Americas, 7 Fl.
New York, New York, 10013

MYT WORKS INC.
145 Ave of The Americas, 7 Fl.
New York, New York, 10013
**<u>VIA SECRETARY OF STATE</u>**

MYT WORKS
242 W. 30th St., #306
New York, NY 10001
212.257.0505

TURN OF THE CENTURY PICTURES
145 6th Avenue, 7th Floor
New York, NY 10031
212.337.3789

MIGHTY WORKS, INC.
145 Ave of The Americas, 7 Fl.
New York, New York, 10013

BORN OUT OF FRUSTRATION
145 Ave of The Americas, 7 Fl.
New York, New York, 10013